FILED

DEC 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-16991 |
| Plaintiff - Appellee, | D.C. Nos.   2:10-cv-01366-GEB-DAD |
| v. | 2:96-cr-00088-GEB-DAD |
| CALS IFENATUORA, | |
| Defendant - Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted November 20, 2014
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.**

Cals Ifenatuora ("Ifenatuora") seeks a writ of error *coram nobis* pursuant to

the All Writs Act, 28 U.S.C. § 1651(a), arguing that he received ineffective

assistance of counsel because his counsel affirmatively misled him regarding the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

immigration consequences of his guilty plea, in violation of *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984), and *United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).  The district court denied Ifenatuora's motion, and he timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the denial of a *coram nobis* motion *de novo*, *Kwan*, 407 F.3d at 1011, though we review any findings of fact for clear error.  *Hirabayashi v. United States*, 828 F.2d 591, 594 (9th Cir. 1987).  As we have consistently held:

> [A movant] must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (quoting *Hirabayashi*, 828 F.2d at 604).  Ineffective assistance of counsel can satisfy the fourth *coram nobis* requirement, *Kwan*, 407 F.3d at 1014, but Ifenatuora does not meet his burden of proving that the necessary fundamental error occurred.

The district court made two critical factual findings: that Ifenatuora's testimony was not credible, and that, absent his testimony, the credible record was insufficient to show that Ifenatuora's trial counsel misadvised him of the

consequences of his guilty plea. Both findings have ample support in the record and are not clearly erroneous. Under *Strickland,* Ifenatuora bears the burden of proving ineffective assistance of counsel. 466 U.S. at 690, 693. In light of the above conclusions, he does not carry that burden, and does not show that a fundamental error occurred.[1] The district court properly denied his *coram nobis* motion.

AFFIRMED.

---

[1] As we conclude that Ifenatuora does not carry his burden of proving that he was misadvised, we need not reach his argument that the holding of *Kwan* can be applied retroactively to his conviction, notwithstanding the Supreme Court's decisions in *Padilla* and *Chaidez v. United States*, 568 U.S. — ,133 S. Ct. 1103, 1113 (2013).